UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAMILLE SPLEEN,

                             Plaintiff,

                  -against-

Police Officer JARED FOX; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

15 CV 802

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jamille Spleen ("plaintiff" or "Mr. Spleen") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Jared Fox, ("Fox"), at all times relevant herein, was an officer, employee and agent of the NYPD. Upon information and belief, Defendant Fox was the arresting officer for Mr. Spleen's arrest on January 31, 2013. Defendant Fox is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*January 31, 2013 Arrest*

11. At approximately 1:00 p.m. on January 31, 2013, Mr. Spleen was lawfully present inside of 494 Chauncey Street in Brooklyn, New York.

12. Mr. Spleen neither lived at, nor knew anyone who lived at 494 Chauncey Street.

13. Mr. Spleen had been hired to paint the interior of the dwelling at 494 Chauncey Street.

14. While plaintiff was working, defendants burst into the home with guns drawn and ordered plaintiff out of the house.

15. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants searched Mr. Spleen, tightly handcuffed him and took him to a police precinct.

16. No contraband was ever recovered from Mr. Spleen.

17. At the precinct, defendants took plaintiff's money from him, but failed to ever vouch it.

18. Plaintiff was transferred to Brooklyn Central Booking.

19. After approximately twenty-fours in custody, Mr. Spleen was released from the precinct without being prosecuted.

20. Defendants never returned the money they took from plaintiff during

the unlawful arrest.

*February 19, 2013 Incident*

21. At approximately 12:30 p.m. on February 19, 2013, Mr. Spleen was riding his bicycle in the area of Livonia Avenue and Mother Gaston Boulevard in Brooklyn, New York.

22. Defendants, in an unmarked police vehicle, drove past Mr. Spleen, made a U-turn and began to closely follow him.

23. Defendants purposefully drove so close to Mr. Spleen that their vehicle struck him, knocking plaintiff off of his bicycle, causing his body to strike a parked vehicle and to fall violently onto the ground.

24. As defendants stood over Mr. Spleen, he overheard them discussing his prior arrest on January 31, 2013.

25. Defendants drew their guns at Mr. Spleen as he lay on the ground.

26. Defendants aggressively pulled Mr. Spleen off of the ground, pushed him against a parked vehicle and tightly handcuffed him.

27. Injured and in pain, Mr. Spleen was taken to Brookdale Hospital for treatment, where healthcare providers prescribed him with a leg brace and a cane.

28. Upon his release from Brookedale Hospital plaintiff was taken to a police precinct.

29. At the precinct, Mr. Spleen was forced to remove his leg brace.

30. As he lay on the floor of the cell in excruciating pain, defendants made jokes outside of plaintiff's cell about hitting him with their car.

31. Defendants failed to document their collision with Mr. Spleen.

32. As a consequence, Mr. Spleen was unable to obtain needed medical care under New York State's no-fault coverage.

33. Mr. Spleen suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search as to January 31, 2013 Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest as to January 31, 2013 Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.  Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Unreasonable Force**

40.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.  The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference to Safety

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The individual defendants were aware of a risk to plaintiff's safety and and failed to act in deliberate indifference to plaintiff's needs.

45. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's safety.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:    February 16, 2015
          New York, New York


HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorney for plaintiff*